# GEORGE CURYEA *et al.*

*v.*

# LEWIS J. BERRY *et al.*

1. BURNT RECORDS—*restoration.* Where the proof shows the regularity of a proceeding to foreclose a mortgage, a decree of sale, a sale, and its approval by the court, and the delivery of a certificate of purchase, this will be sufficient for the court to order the restoration of the record of the proceeding which had been destroyed by fire, and to require the master to execute a deed to the assignee of the certificate of purchase, and decree a surrender of possession.

2. RECORDING LAW—*burning of records does not destroy notice.* The burning of the records does not destroy the notice afforded by the recording of a mortgage or deed, or the notice afforded by proceedings foreclosing the mortgage, and a subsequent purchaser, after the destruction of the records, must take notice of what the records originally showed.

3. PRESUMPTION—*of the regularity of judicial proceedings.* Where the foreclosure of a mortgage, and a sale thereunder, and its approval in the circuit court, are shown, and the records are destroyed by fire, such court being one of general jurisdiction, it will be presumed the proceedings were regular and in conformity with the law, in a proceeding to restore the records.

4. ESTOPPEL—*by acts of party inducing a purchase.* Where a mortgagor informs another that he has no title to mortgaged premises; that a foreclosure was had, and the time of redemption had expired, and thereby induces such other person to purchase the certificate of purchase, the mortgagor will be estopped from afterwards questioning the regularity of the foreclosure and sale, as against such purchaser.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. HENRY & PENWELL, for the plaintiffs in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was a bill in chancery, in the circuit court of Moultrie county, by George Curyea, Harmon K. Wells and Jonathan Christie, complainants, and against Lewis J. Berry and William Berry, defendants, to foreclose a mortgage on a certain forty acres of land, which Berry, then seized thereof in fee, had made' to one James Elder, who assigned the same, with the note it was made to secure, to Wells and Christie. It was claimed by complainants that regular proceedings were had in the Moultrie circuit court, in 1861, foreclosing this mortgage in the name of 'the assignees, a regular decree entered finding the amount due, and a sale of the premises ordered, and a sale made to Wells and Christie, and a certificate thereof duly executed by the master and delivered to them, which sale was approved by the court. The premises were not redeemed, and complainants Wells and Christie, being non-residents, neglected to demand a deed. Whilst matters remained in this condition, in 1864 the court house of Moultrie county, in which the records were, was destroyed by fire, with its contents. About this time, complainant Curyea, having purchased of Berry three other forty acre tracts adjoining the one in controversy, and desiring this one, as it lay between two of the tracts so purchased and was in a state of cultivation, to induce Curyea to buy these tracts, Berry represented to him that he (Berry) had no interest in that forty; that the time of redemption had long since expired, but delivered the possession thereof to Curyea, who leased the same to one Littleton, who remained

in possession for some time, until he was put out of possession by an action of ejectment, brought against him by William Elder, one of the defendants herein, claiming title by and through the original mortgagor, Lewis J. Berry. On this occurrence, complainant Curyea purchased of Wells and Christie their right and title to the land. The prayer of the bill was, that defendants answer not under oath, and that, on a final hearing, the burnt records may be restored, the master be decreed to convey the premises to Curyea, and that defendants be decreed to surrender the possession of the premises to him, and for general relief.

The answer of the defendants denies all the material allegations of the bill, save and except the destruction of the court house by fire, and, on the hearing, testimony being heard, the court dismissed the bill, decreeing costs against complainants. To reverse this decree they bring the record here by writ of error, and make several points.

We have not been favored with any brief by defendants in error, and have not, therefore, been enabled to profit by any views they may entertain of the case.

It strikes us the decree is wrong, and ought to be reversed. We think the testimony of Mr. Eden, who conducted the proceedings in the chancery suit, sufficiently shows their regularity, and that they were properly brought to a termination in a decree of sale; that a sale was made, certificate given, and approved by the court. Enough is shown to order a restoration of the burnt records and to require the master to make a deed to complainant Curyea, the assignee of the purchasers, of the premises.

As to William Elder's equity, he does not appear to have any. When he took the deed from Berry, he knew, or might have known, that Berry had conveyed to Wells and Christie, and of the proceedings in chancery to foreclose. The conflagration of the court house, and destruction thereby of the records, did not destroy the effect of the recording the mortgage. It was said in *Shannon* v. *Hall*, 72 Ill. 354, a mortgage, having been recorded, was notice to subsequent purchasers,

notwithstanding the record was destroyed by fire. As to the proceedings on foreclosure, they having been conducted in a court of general jurisdiction, the intendment must be, they were regular and in conformity with the law.

As to Berry, he certainly can have no standing in court. To induce Curyea to purchase the three forties, he represented to Curyea that he could obtain the title to this forty from Wells and Christie; that he himself had no interest in it; that it had been sold under a decree of foreclosure, and that the time of redemption had expired. Curyea acted on these representations, and made the purchase of the three forties, and afterwards purchased the premises in controversy, of Wells and Christie. It seems just and equitable the master should make to Curyea a deed to the premises, and the court should have so decreed.

Under the prayer for general relief, the court should decree a surrender of the possession of the premises by Elder to Curyea, as he seems to have no well grounded equity claiming the protection of a court of equity.

The decree is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*