JOHN A. CRANE ET AL.

v.

DAVID B. HUTCHINSON ET AL.

</div>

1. PRACTICE—DEMURRER IN CHANCERY.—On a general demurrer to a bill in chancery, if the complainant is entitled to any relief on the case made by his bill, the demurrer should be overruled. It does not follow that because the complainant may not be entitled to all the relief prayed for, the demurrer should be sustained.

2. CONSIDERATION—MUTUAL PROMISES.—One promise is a sufficient consideration to support another promise, and where a person does any act beneficial to another or agrees to do so, that forms a sufficient consideration to support an agreement.

3. STATEMENT.—Appellants charged in their bill of complaint that appellee B. sold an undivided third interest in certain land to appellee H., in consideration of a cash payment and three notes of appellee H., payable in one,

Crane et al. v. Hutchinson et al.

two and three years, respectively; that B. gave to H. a bond for a deed on full payment of the notes; that B. afterwards indorsed said notes to appellants, who became the legal holders; that afterwards, by an agreement of all parties, B. executed a deed of the land to H., said deed to be delivered to H. on paying or securing to appellants said notes, and in the meantime the deed was to remain in *escrow* until compliance by H.; that H. fraudulently obtained possession of said deed and placed the same on record, and then conveyed said premises to P. without consideration. Prayer that said deeds be set aside, and for a lien upon said premises for payment of said notes, etc.

4. TENDER OF DEED NOT NECESSARY—ACTION NOT PREMATURE.—*Held,* on demurrer to the bill, that a tender by appellants of a deed to H. was not necessary before bringing suit; that the fact that one of the notes was not then due constituted no defense to the action; and that appellants were entitled to a decree setting aside the deeds mentioned.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs MORRISON, WHITLOCK & LIPPINCOTT, for appellants; that the legal effect of the written agreement or title bond is a lien on the lands mentioned, cited Davis v. Clay, 2 Mis. 191; Jones v. Slawson, 1 Bail. ch. 463; 1 Hilliard on Mortgages, 660.

That a written agreement intended to give a lien for security of a debt is a good equitable mortgage: Abbott v. Godfrey, 1 Mann, 198; Carpenter v. Mitchell, 54 Ill. 126; Wright v. Troutman, 81 Ill. 374.

Mr. OSCAR A. DELEUW, for appellees; contending that there should have been a tender of a deed, cited Baston v. Clifford, 68 Ill. 67; Burger v. Potter, 32 Ill. 66; Hulshizer v. Lamoreux, 58 Ill. 72.

DAVIS, J. Appellants filed their bill in chancery against appellees, charging substantially that on the 16th of March, 1876, Barrett was seized in fee of an undivided third of lots two, three and four in block No. 25, in the old plat of Waverly, in Morgan county Illinois, on which was erected a steam flouring mill; and that on that day Barrett sold the same to David B. Hutchinson for the consideration of a certain sum of money paid down, and three notes of said Hutchinson of that date,

payable to said Barrett; one for $300 in one year, and the other two for $350 each, payable in, two and three years from date, all at ten per cent. interest from date.   That at the same time Barrett executed to Hutchinson a bond for a deed, conditioned that he would make a deed of said undivided third of said lots on full payment of the three notes and interest first being made.   That said bond had been duly recorded, and the possession of said premises given to said Hutchinson on the day of sale.   The bill further charges that prior to the maturity of the first of said notes, Barrett indorsed and delivered them for full value to appellants who still have and hold the same.   That Hutchinson had full notice that each of said notes had been assigned to, and were held by appellants, and had paid to them one year's interest due on said notes; and that the whole of said principal and the interest thereon from March 16th, 1877, remains unpaid.   Bill further charges that on or about the first of February, 1878, Hutchinson applied to Barrett and desired him to make him a deed of the purchased premises, stating that he preferred to take a deed and take up the said notes and give to appellants a mortgage on the premises to secure the indebtedness.   Barrett refused to make a deed without first consulting appellant Crane, and thereupon Hutchinson, Barrett and Crane met, and it was agreed between them that Barrett and his wife should make out, sign and acknowledge a deed of said premises, and deposit the deed with appellants to be held by them for the benefit of Hutchinson, and to be delivered to him only upon the full payment of said notes and interest.   That pursuant to said mutual agreement, Barrett made out and signed a deed of said premises, and the same was given into the hands of a Mr. Arnett and Hutchinson for the purpose of procuring the signature and acknowledgment of the wife of Barrett, and when so signed and acknowledged, the deed was to be delivered to appellant Crane, to be held by him for the use of Hutchinson, and not to be delivered to him until the full payment of the said notes and interest.

The bill also alleges that said deed was never delivered by Barrett to Hutchinson, and was never intended to be delivered to him only upon his first paying in full all sums due on said

notes, but was intended to be deposited with said Crane or with said appellants as an *escrow*, to be held and only delivered upon the payment of said notes. It then charges that without the consent of Barrett, and without the knowledge or consent of Crane or appellants, Hutchinson fraudulently filed said deed for record in the recorder's office of Morgan county, on the 19th February, 1878, and had the same recorded, and that said deed contains no lien reserved to secure the payment of the balance of said purchase money, and that on the 14th of March, 1878, the said Hutchinson and his wife pretended to convey said premises to the appellee, Lambert Pond. Charges that said conveyance was a contrivance and a fraud, to cheat and defraud appellants, and was made without any consideration, and with a full personal knowledge on the part of Pond of the existence and non-payment of said notes, that said deed from Barrett and wife to Hutchinson had never been delivered to him, and also with a full knowledge of all the facts and circumstances connected with the transaction. Barrett, Hutchinson and Pond were made parties defendants to the bill, and appellants prayed that the deed from Hutchinson and wife to Pond, should be declared fraudulent and void as to them; that the deed from Barrett and wife to Hutchinson, should also be declared fraudulent and void, and be annulled and set aside; that the sums due to appellants on said notes be ascertained, and a lien declared to exist to secure the same; that Hutchinson be required to pay the amount found due, and on default that said premises be sold to pay the same; that Pond and Hutchinson be enjoined from encumbering or selling said property, and for general relief. To the bill, appellees, Pond and Hutchinson interposed a general demurrer, and on Barrett failing to answer, a default was taken against him, and a decree *pro confesso* rendered. On the hearing of the demurrer, it was sustained, and appellants abiding by their bill, a decree was rendered by the court below, dismissing the bill at costs of appellants. To reverse this decree this appeal was taken.

Appellees contend that the demurrer was properly sustained, because appellants did not tender a deed of the premises to Hutchinson before their bill was filed.

One answer to this objection is, that he was not entitled to a deed. By the express terms of the bond executed by Barrett to Hutchinson, which by an exhibit is made a part of the bill, the payment in full of the two first notes with interest, is made a condition precedent to the execution of the deed. The last note was not yet due, and the vendor was not bound to tender a deed until it was due and payable.

Another answer is, that even if a tender were necessary, Hutchinson, by his own fraudulent act in retaining possession of the deed, put it out of the power of appellants to make the tender.

Had he permitted the agreement mutually made between Barrett, Crane and himself to be honestly carried out, the deed would have been deposited with Crane, to be held until Hutchinson became entitled to it by the payment of the money due, or until after the maturity of the notes, when on a failure to pay them, a tender of the deed might have been made, if necessary, to enable appellants to sue and recover upon them. Equity will not permit a person to take advantage of his own wrong.

Another point made by appellees is, that the third note for $350, due in March, 1879, was not due when the bill was filed.

The demurrer interposed was a general demurrer to the whole bill, and it does not follow that because appellants might not be entitled to all the relief prayed for, that it should have been sustained. The rule is that on a general demurrer to a bill in chancery, if the complainant is entitled to any relief on the case made, the demurrer should be overruled.

The only other point made by appellees is that there was no consideration, as between Hutchinson and appellants, for an agreement to leave the deed with them.

The facts as set out in the bill show that there was an agreement, supported by mutual promises, entered into between all the parties interested. Barrett on his part promised to execute the deed with his wife to Hutchinson, and deposit it with appellants, to be held by them for the benefit of Hutchinson, and to be delivered to him only on the payment of the notes and interest. Hutchinson, on his part, promised that the deed should be so deposited, and held by appellants until he should

pay the notes; and appellants on their part, through Crane, promised that the deed should be so executed, and that they would hold it for the benefit of Hutchinson until he paid such notes.

The rule is familiar that one promise is a sufficient consideration to support another, and that where a person does any act beneficial to another, or agrees to do so, that forms a sufficient consideration to support an agreement. Cooke v. Murphy, 70 Ill. 96. But we are not confined to this view of the case. The agreement entered into between the parties was evidently intended to protect the several interests or convenience of all concerned. The deed was to be deposited with appellants to afford them, by the control of it, some degree of security for the payment of the notes assigned to them; and by having it in their possession they would be in a position at all times to tender or deliver it when required. The deed signed and acknowledged by Barrett and his wife and deposited with appellants, would always be ready for delivery to Hutchinson immediately upon the payment of the notes, without loss of time or unnecessary delay in the preparation and execution of it. The delivery of the deed by appellants on the payment of the amount due would end the transaction, and relieve Barrett from his liability as assignor of the notes. To consummate this mutual arrangement the deed was placed in the hands of Hutchinson to obtain the signature and acknowledgment of Mrs. Barrett, when it was to be deposited with appellants to hold until the notes were paid. In violation of this trust Hutchinson retained the deed, filed it for record and had it recorded. This was a fraud upon the other parties to the agreement. Appellants and Barrett, or either of them, may justly call upon a court of equity to undo the wrong perpetrated by Hutchinson.

We think on the case made by the bill, if sustained by the proof, appellants would be entitled to a decree requiring Hutchinson to surrender to them the deed made to him by Barrett and wife; declaring the record of such deed null and void; that said deed was never delivered by Barrett and should be held as conveying no title to Hutchinson, and that the deed from

Hutchinson to Pond should be held fraudulent and null and void as to appellants.

The court below having erred in sustaining the demurrer and in dismissing appellant's bill, the decree must be reversed and the cause remanded for further proceedings consistent with this opinion.

<div align="right">Decree reversed.</div>