# MAURIA L. J. JOHNSON
## V.
# ALFRED B. McCHESNEY.

*Real Property—Title—Cloud—Bill to Remove—Sale upon Installments—Failure to Pay—Retention of Payments as Liquidated Damages—Recording Contract.*

1. Only the owner of land can ask to have a cloud removed from the title thereof.

2. Costs and expenses incurred by an owner in such a proceeding can not ordinarily be recovered from his grantor on any of the covenants usually found in warranty deeds.

3    The general rule that a bill to remove a cloud can only be maintained when the complainant is in possession, or the land is unimproved and unoccupied, is subject to the exception that, when there is no adequate remedy at law, equity gives relief.

4. It *seems* that the owner of real property can not, subsequent to a conveyance thereof, maintain a bill to remove a cloud from the title, even if he warranted the same.

[Opinion filed October 23, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. JOHN GIBBONS, for plaintiff in error.

Mr. GRANVILLE W. BROWNING, for defendant in error.

GARNETT, J.    On March 1, 1881, a contract was made by the defendant in error with plaintiff in error, to sell her two lots in Cook county, for the sum of $450, to be paid in installments. The sum paid is in dispute, but it was either $90 or $100. The contract made time of its essence, and authorized McChesney, at his option, to declare a forfeiture for the failure in payment of an installment, and in that event to retain all payments as liquidated damages. The purchaser filed the contract for record and failed to pay any installment after the first. After such failure McChesney tendered her a warranty deed, on June 30, 1886, and demanded compliance by her with the contract; she still neglecting to make any additional payment, he filed the bill in this case, to remove from the title the cloud caused by the recording of the contract.

The bill alleges that McChesney is seized in fee simple of the premises; but it appears from his own testimony that he had sold and conveyed the lots to some other person before the bill was filed, thus disproving one of the material allegations of the bill. Only the owner of the land can ask to have a cloud removed from the title. Gage v. Stokes, 125 Ill. 41; Huntington v. Allen, 44 Miss. 654.

If that which is assailed is nothing more than a cloud, the owner is the only person interested in having the fact judicially found; he, being content to allow the cloud to remain, no complaint should be heard from any other source. If, in a suit in equity to remove the cloud, he incurs costs and expenses (other than the amount which equity may require to be paid to his adversary), he can not recover them from his grantor on any of the covenants usually found in warranty deeds. Rawle on Covenants (5th Ed.), Sec. 201; 2 Sutherland on Damages, 308. A complainant who voluntarily parts with his title after filing his bill and before hearing on the merits, loses his right to proceed to a decree. Smith v. Brittenham, 109 Ill. 540. He certainly can be in no better position if he disposes of his title before commencing suit. Whether appellee's conveyance was with or without covenant is n t stated in this record. Even if he warranted the title, there is respectable authority denying his right to maintain a bill to remove the cloud. Bissell v. Kellogg, 60 Barb. 617.

While the rule announced in the last case cited has not, so far as we are aware, been approved by the Supreme Court of this State, it was held in Smith v. Brittenham, *supra*, that the effect of complainant's covenant could not be considered, as the bill proceeded upon the theory of ownership, and not on the theory of his liability on any covenant. Here, as there, the bill proceeds upon the allegation that McChesney is the owner in fee, no reference being made therein to any conveyance by him.

In the decided cases it is frequently said, in general terms, that a bill to remove a cloud can only be maintained when the complainant is in possession, or the land is unimproved and unoccupied. To this general rule there is an exception, namely, that when there is no adequate remedy at law equity gives relief. Illustrations of the exception are found in Mitchell v. Shortt, 113 Ill. 252; Shays v. Morton, 48 Ill. 100; Holden v. Holden, 24 Ill. App. 106.

In all three of these cases the defendants were in possession, but as an action of law would not settle such titles, a bill to quiet title was held maintainable. In this case it is manifest that a judgment for appellee, in an ejectment suit brought by

him against appellant, would not be decisive of her equitable interest under the contract. Hence, if all the other conditions were favorable to the complainant, the absence from his bill, of an averment that he was in possession, or that the premises were unimproved and unoccupied, would present no ground for denying the relief prayed.

The record presents a serious question, upon which we have received from counsel no assistance, either by way of argument or citation of authority, to wit: Will equity give complainant the relief desired, unless he refunds the money received by him under the contract? Upon that question we deem it wise not to pass without first hearing argument, and the suggestion is made in view of the fact that if the bill is amended by making the owner of the lots complainant, then, upon appeal from another decree of the court below, this point is liable to be presented.

The decree being in conflict with the rule herein announced, is reversed and the case remanded.