ELL NATHAN HOPKINS *et al.*

*v.*

JOHN S. SNEDAKER.

1. RESCISSION OF CONTRACT—*when complete rescission rendered impossible by act of defrauding party, a partial rescission may be decreed.* Where a party, by false and fraudulent representations as to the character and quality of his land, induces another to exchange other lands for it, and then conveys a portion of the land thus obtained to an innocent purchaser, so that it is out of his power to re-convey it, and thus wholly rescind the contract, it is competent for a court of equity to decree a partial rescission, and to require the party in fault to pay to the other, in money, the price at which the land taken by him was estimated in the exchange, and take a re-conveyance of the same, and to make the amount of money so decreed to be paid a lien upon that portion of the land conveyed to the defrauding party which he still holds.

2. SAME—*of the diligence required, when asked for on the ground of fraud.* Where a contract was made in this State for the exchange of lands in this State for land in Missouri, in December, 1868, and, in the following spring, the owner of the Illinois land learned that lands in that part of Missouri where the land taken by him in exchange was situated were not of much value, but learned nothing about his land in particular until in February, 1870, when he went to see it, and, on the 28th of February, 1870, filed a bill to rescind the contract, on the ground of false and fraudulent representations as to the quality and character of the Missouri land: *Held,* that there was reasonable diligence used for the discovery of the fraud, and that suit was brought within a reasonable time after its discovery.

3. CHANCERY PRACTICE—*what relief may be granted under a general prayer.* Where a bill contains a prayer for general relief, and also a

29—71ST ILL.

prayer for specific relief, the complainant may have other specific relief, provided it be consistent with the case made by the bill and with the proof, although it differs from that specifically prayed for.

4. FRAUDULENT REPRESENTATIONS—*effect of, on principal, when made by his agent in the transaction.* Where the complainant was, by the false and fraudulent representations of one of the defendants, induced to make an exchange of lands, and, in doing so, conveyed his lands to the other defendants, and received a deed from them for the land he was to get in the trade, it was *held,* that the other defendants having received the deed and reaped the benefits of the fraudulent representation made by their agent, they are liable, and, they having put it out of their power to re-convey, must respond in damages.

APPEAL from the Circuit Court of Ford county; the Hon. A. J. GALLAGHER, Judge, presiding.

Messrs. SWAN & GRAY, for the appellants.

Messrs. WOOD & LOOMIS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, brought for the rescission of an executed contract for the exchange of lands, whereby the appellee traded to the appellants 90 acres of land in Ford county, in this State, for a certain 80 acres of land in Missouri. The ground of the bill was, false and fraudulent representations as to the character and quality of the Missouri land.

The decree in the court below found that, on the 25th day of December, 1868, the complainant, being the owner of the Ford county land, traded the same to the defendants for the Missouri land; that the Ford county land of the complainant was put into the trade at $5000, and the Missouri land of the defendants at $1465; that defendants paid complainant $2500,' and assumed a $1000 mortgage on the Ford county land, which they have since paid; that the false and fraudulent representations were made as charged; that complainant, upon the hearing, had tendered back a deed of the Missouri land, and that defendants, before the filing of the

bill, had conveyed 40 acres of the Ford county land to a third party; declared that it was inexpedient to render a decree of a rescission of the whole contract, and decreed to the complainant the sum of $1875.20, being the amount for which the Missouri land was traded ($1465 with interest), and that the defendants have leave to withdraw the deed tendered to them of the Missouri land.

Defendants appealed to this court.

The proofs show a very clear case of deceit, and false and fraudulent representations as to the character and quality of the Missouri land, and such as manifestly entitles the appellee to relief.

It is objected against the decree, that appellee was not in a situation to restore to appellants what he had received from them in the trade. Appellee was in such situation, but not the appellants, they having sold 40 acres of the land they received. It was sufficient to make such an offer to restore in the bill. *Webster* v. *French*, 11 Ill. 275; *Miller* v. *Whittaker*, 23 id. 453; *Ryan* v. *Brant*, 42 id. 78. This, appellee did. He offered in the bill to reconvey the Missouri land; to repay the $2500, with interest, and also the $1000 mortgage which had been assumed and paid, if the court would decree a cancellation of the whole contract, or to restore a portion of what he had received, on cancellation of the contract as to that portion of the land not sold by appellants.

It is insisted that a rescission must be total, and not partial. This is the general rule; but appellants, by conveying a part of the land, had rendered a complete rescission of the contract impossible. The testimony agrees that the Ford county land was sold for $5000, and that the Missouri land was put in at a certain price, the parties only differing as to the precise sum, appellants testifying that it was $1365, and appellee that it was $1465. The evidence shows that the Ford county land was well worth $5000, and that the Missouri land might be called worthless, the evidence being that it was not worth more than 12½ cents an acre, and, as it had

never been occupied by appellee. and he tendered back a conveyance of it at the hearing, it was but just to allow, as the decree did, what the Missouri land was put into the trade at, with interest thereon.

It is further objected that appellee did not seek the aid of the court in a reasonable time. The trade was made in Ford county, in this State, December 25, 1868. It appears that the next spring or summer, appellee had information, by letter, that lands in that section of country where this Missouri land was situated were not of much value, but learned nothing in regard to this ·particular tract of land, and that in January, 1870, he applied for counsel, and was advised that he must go and see the land before he could bring suit; that he knew nothing certain about the land till February, 1870, when he went and saw the land, and ascertained its quality, and commenced this suit February 28, 1870. We are of opinion there was reasonable diligence used here for the discovery of the fraud, and that suit was brought within a reasonable time after its discovery.

It is again insisted that, when the last money, under the contract, was paid to appellee, in July, 1869, and a receipt given by him, all differences between the parties in respect to the Missouri land were fully settled, and appellee then having knowledge of the quality of the land. Appellee's testimony, taken alone, would support such a claim; but the evidence upon the point was conflicting, and we are unable to say that the court was not warranted in finding, from the whole evidence, that no such pretended settlement was made, and that appellee had not then sufficient knowledge of the quality of the Missouri land to lose his claim to equitable relief on account of any act of his on that occasion.

A point is made that the decree does not conform to the prayer of the bill; but there was a prayer for general relief, and, where a bill contains a prayer for general relief, and also a prayer for specific relief, the complainant may have other specific relief, provided it be consistent with the case

made by the bill and with the proofs. *Wilkin* v. *Wilkin,* 1 Johns. Ch. 111; *Bailey* v. *Burton,* 8 Wend. 339.

The decree here, we hold to be proper, under the allegations of the bill and the proofs, and we think the appellee should have the relief he is entitled to, although it differs from that specifically prayed for.

The decree made the money adjudged to be paid a lien upon the remainder of the Ford county land in the hands of the appellants, and directed that, in case, upon the sale of the premises, they should not sell for sufficient to satisfy the decree, an execution should issue for the deficiency. It is insisted that the court erred in decreeing execution against Abraham S. and Phœbe A. Hopkins, because they were not parties to the supposed fraud.

It is true that, chiefly, the trade was effected through, and the representations made by, Ell Nathan Hopkins, one of the appellants and the son of Abraham S. and Phœbe A.; but the deed of the Missouri land was made by the two latter, the title being in them, or in Abraham S., and the deed of the Ford county lands was made to them jointly. They reaped the fruits of the fraudulent representations made by their agent, and, to the extent that they derived a benefit therefrom, we see no objection to their being required to respond.

The decree must be affirmed.

*Decree affirmed.*