91  487
34a 537

WILLIAM M. JAFFERS

*v.*

FRANCIS A. ANEALS.

1. FRAUDULENT CONVEYANCE—*what constitutes.* After the service of process in a suit at law against a debtor, she, being a widow and residing on a farm owned by her, conveyed the same to her son, who was residing with her on the farm. The expressed consideration in the deed was $2000. It was claimed the son bought the farm subject to a prior mortgage for $1300, and gave his note on long time and without interest for the balance, $700. The

farm was worth $3000. Prior to this transaction, on the son attaining his majority, it was alleged that in consideration of his services on the farm for several years, and to induce him to remain with his mother on the farm, she gave to him all the personal property thereon. The suit at law resulted in a judgment against the defendant therein, and execution issued. Upon the execution being returned no property found, the judgment creditor filed his bill in chancery to set aside the deed as intended to hinder and delay creditors, and therefore fraudulent. Under the facts above set forth and other circumstances disclosed, the court below found the conveyance to be fraudulent, and set the same aside and subjected the land to the payment of the judgment. This was held to be a proper disposition of the case. The fact the debt upon which the judgment at law was founded was a mere security debt made no difference as to the result.

2. HOMESTEAD. It was held that in such case, as the judgment debtor remained in possession of the farm as her homestead, and that of her minor children residing with her, it was just and proper, after cancelling the deed, to decree that a homestead should be first assigned to her in the premises.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was a bill in chancery exhibited in the court below, by Francis A. Aneals, against William M. Jaffers, Margaret Jaffers, and others, to set aside a conveyance of land from the said Margaret to the said William, on the allegation such conveyance was intended to hinder, delay and defraud the complainant as a creditor of the said Margaret. The principal facts connected with the transaction are set forth in the opinion of the court. The decree rendered in the court was as follows:

It finds that the complainant, on the 1st day of November, 1875, recovered a judgment in the Adams circuit court against William McClellan, Joseph McClellan and Margaret Jaffers, in the sum of $618.15, and costs taxed at $9.60; that execution issued on said judgment directed to the sheriff of Adams county, and that the same was returned January 5, 1876, "no property found;" that the said judgment still remains unsatisfied; that the indebtedness upon which said judgment was recovered was a promissory note, executed by the defendants in said judgment, on the 21st day of June, 1873, and payable

to the complainant in two years from date, with interest at ten per cent per annum; that suit on said note was commenced August 12, 1875, and summons was served on the defendants August 22, 1875; that at the time of the execution of said note, Margaret Jaffers was the owner in fee of the premises described in the bill herein; that on the 8th day of January, 1875, Margaret Jaffers conveyed said real estate to John C. Palmer, in trust, to secure two notes of that date, each in the sum of $650, payable in one year from said date, with interest at ten per cent per annum; that said notes are due and unpaid, except as to the interest, which is paid to January 8, 1877; that said deed of trust is a lien superior to complainant's judgment; that the tract of land in the bill first described is the homestead of Margaret Jaffers, and that she is entitled to hold such homestead as against the judgment of complainant to the value and extent of $1000; that after service of summons upon Margaret Jaffers in said suit, she, for the purpose and with the intent of hindering and delaying the complainant in the collection of his said debt, on the 21st day of September, 1875, fraudulently conveyed all her said real estate to her son, William Jaffers, without any adequate consideration, and that William Jaffers took such conveyance with full knowledge of such indebtedness of Margaret Jaffers to complainant, in pursuance of a fraudulent combination to delay complainant in the collection of his debt; that William and Joseph McClellan are wholly insolvent, and that Margaret Jaffers has no other property.

It is ordered and decreed that the conveyance executed by Margaret Jaffers to William Jaffers, on the 21st day of September, 1875, be and is set aside, as against complainant, and that the land thereby conveyed be subjected to the lien of complainant's judgment; that the sheriff of said county, when an execution shall come into his hands, issued on said judgment, do proceed to set off, or have appraised, the homestead of Margaret Jaffers in said land, and that he sell the same under his execution in the manner provided by law for sale

of real estate wherein defendants have homestead rights; that complainant may, at any time before a sale of said premises under the deed of trust executed by Margaret Jaffers to John C. Palmer, tender and pay, or offer to pay, to said William L. Palmer, the sum of $1300, with interest at ten per cent from January 8, 1877; that thereupon complainant shall become subrogated to all the rights of said Palmer.

It is further ordered, that said William L. Palmer shall not assign said notes to any other person than complainant, and that John C. Palmer shall not convey, or in any way cancel the lien of said deed of trust; that Margaret and William Jaffers pay all the costs in this case incurred by complainant, and that complainant have execution therefor.

The defendant William Jaffers appealed.

Mr. WILLIAM W. BERRY, for the appellant:

Our Statute of Frauds only renders conveyances made to hinder and delay creditors and purchasers void as to persons thus defrauded. It leaves the conveyance perfectly valid and binding as to the parties to it. *Rawson* v. *Fox et al.* 65 Ill. 200.

A voluntary conveyance, though void as to existing creditors, is valid and effectual as between the parties. A conveyance of this sort is void only as against creditors, and then only to the extent it may be necessary to deal with the conveyed estate for their satisfaction. 1 Story's Eq. Jur. sec. 371; *Campbell et al.* v. *Whitson et al.* 68 Ill. 240.

The fact that a grantor is indebted at the time of making a voluntary conveyance, is of itself merely an argument of fraud, and will not alone vacate such conveyance in favor of creditors. *Hitt* v. *Ormsby et al.* 12 Ill. 166; *Hickey* v. *Ryan,* 15 Mo. 62; *Winchester* v. *Charter,* 12 Allen (Mass.), 606.

A fraudulent intent on the part of the grantor alone is not sufficient to vitiate and vacate a sale as to creditors. *Ewing* v. *Runkle,* 20 Ill. 448; *Hessing* v. *McCloskey,* 37 Ill. 441; *Herkelrath* v. *Stookey,* 63 Ill. 486.

Relatives may trade with each other as well as strangers; and, though a price grossly inadequate will, as against creditors, prove a fraudulent intention on the part of the purchaser, mere inadequacy will not. *Waterman* v. *Donaldson*, 43 Ill. 19.

It matters not how much a man may be indebted, he may sell his property for a fair price or even for a price below the market value, if done honestly and with no view to delay, hinder or defraud his creditors. *Waddams* v. *Humphrey et al.* 22 Ill. 661.

A judgment is not a lien upon homestead premises. The owner may sell or mortgage the same free from the lien of the judgment, and no liability can attach to the land in the hands of the purchaser, for the previous judgment debt of his grantor. *Hartwell* v. *McDonald*, 69 Ill. 293, and cases there cited.

Mr. JOHN H. WILLIAMS, for the appellee:

A voluntary conveyance by one who is indebted is presumptive evidence of fraud, and a fraudulent intent will be presumed from the fact of indebtedness. *Mixwell* v. *Lutz*, 34 Ill. 382; *Moritz* v. *Hoffman*, 35 Ill. 553; *Gridley* v. *Watson*, 53 Ill. 386; *Jones* v. *Henry*, 3 Littell, 433; *Doyle* v. *Sleeper*, 1 Dana, 532; *Rucker* v. *Abell*, 8 B. Monroe, 566; *Trimble* v. *Ratcliffe*, 9 id. 514.

A conveyance made for the purpose of hindering, delaying and defrauding creditors, and accepted by the grantee with knowledge of such intent, is void as to creditors even if a full and adequate consideration is paid. *Ward* v. *Trotter*, 3 Monroe, 3; *Vernon* v. *Morton*, 8 Dana, 263; *Ratcliffe* v. *Trimble*, 12 B. Monroe, 38.

Where a parent whose debts are pressing her conveys all her property to her son for a consideration greatly less than its value, and retains the right to remain and have a home on the place, a strong presumption of fraud arises. *Halbert* v. *Grant*, 4 Monroe, 583; *Trimble* v. *Ratcliffe, supra*; *Monell* v. *Sherrick*, 54 Ill. 269.

A sale of all his property, by one whose debts are pressing

him, made to his son, upon long credit, with no provision for the payment of his debts, and with a reservation to himself of a right to have a home on the premises, is certainly calculated to hinder and delay creditors, and the presumption is almost irresistible that such was the intention. *Nesbit* v. *Digby,* 13 Ill. 387.

Where there are a great number of circumstances, all tending to prove a conveyance fraudulent, although no one of them may be sufficient, disconnected from the others, to establish fraud, yet, if there is no sufficient explanation given, the court will find from such circumstances, considered together, that the transaction was fraudulent. *Swift* v. *Lee,* 65 Ill. 343; *Henen* v. *Morford,* 9 Dana, 450; *Sands* v. *Hildreth,* 14 Johns. 493.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to set aside a conveyance, made by Margaret Jaffers to William Jaffers, of the land described, which conveyance, it is alleged, was fraudulent as to creditors, and to subject the lands to the payment of a judgment which complainant recovered against the grantor in an action at law. The deed was made after service of process in the case, but before the judgment was in fact rendered. The circuit court found the conveyance was fraudulent as to complainant, set the same aside, and decreed that the property be sold to pay the common law judgment, and we can not say the decree is not warranted by the evidence.

The property was of the full value of $3000. It belonged to the judgment debtor, and was conveyed by her to her son, William Jaffers, for the nominal consideration of $2000. The property at the time was subject to a previous mortgage of $1300. It is claimed it was sold by Mrs. Jaffers to her son subject to the mortgage and for the balance of the purchase money. She took his notes at long time without interest.

Previous to reaching his majority her son had worked on the farm for his mother, who was a widow, for two or three

years, and in consideration of such services, it is alleged, his mother gave him, on his becoming of age, all the personal property on the farm to induce him to remain with her. The $700 note was not due, and no part of it was ever paid except a sum in property and money, amounting in the aggregate to about $500. Most, if not all, the property and money paid were derived from the farm. Such payments as were made, were made after the bill in this case was filed.

When it is considered in connection with other facts proven, that the conveyance was made after the service of process in the case, when it was certain a judgment would soon be rendered against the grantor, it might well be concluded the conveyance was colorable and made with a view to hinder and delay creditors. The evidence, taken together, warrants such a conclusion.

Although the judgment was rendered against the grantor for a security debt, it was a claim she was legally bound to pay. The grantee must have known when he took the deed a judgment would soon be rendered against the grantor. Conceding the transaction was in good faith, he could not be injured if the conveyance was set aside, as there still remained enough unpaid of the purchase money to secure him against loss in case the judgment should be decreed to be a lien on the land. Whatever, if anything, he paid after the bill was filed, was paid in his own wrong, and he can not be heard to complain on that score.

As Mrs. Jaffers still remained in possession of the lands as her homestead and that of her minor children, residing with her, it was just and proper, after canceling the deed, that the court should decree that homestead should be first assigned to her in the premises.

The decree must be affirmed.

*Decree affirmed.*