Lavender v. Boaz.

Reversed and remanded.

LEWIS LAVENDER ET AL.

V.

AMBROSE BOAZ ET AL.

1. SETTING ASIDE JUDGMENT.—Before a bill can be maintained to set aside a judgment rendered in a suit in which there was a good defense at law known to the defendant at the time it was rendered, it must clearly appear that the defendant was prevented from making his defense by fraud, mistake, accident or surprise without *laches*, negligence or default on his part or those representing him.

2. FRAUDULENT CONVEYANCE.—Where a judgment debtor without personal property makes, ackowledges and himself files for record deeds of all his real estate (except his homestead), to relatives and inmates of his family in their absence, without their knowledge, without previous arrangement having been made between the parties for the purchase of such lands, and no satisfactory evidence shows a consideration for such deeds, the whole transaction bears the badge of fraud, and equity will not uphold it.

ERROR to the Circuit Court of Pope county; the Hon. D. M. BROWNING, Judge, presiding. Opinion filed November 27, 1885.

Mr. L. F. PLATEN and Mr. W. G. BOWMAN, for plaintiffs in error.

Messrs. MORRIS & BOYER and Mr. J. A. ROSE, for defendants in error.

GREEN, J. Lewis Lavender and George Lavender, two of the plaintiffs in error, on March 3, 1879, filed their bill of complaint in the court below, against the defendants in error, to modify a judgment and enjoin the sale of lands in Hardin county, Illinois, described in the bill, and which were levied upon by virtue of an execution issued on said judgment. The judgment complained of in the bill was recovered against said Lewis Lavender in a suit brought upon his promissory note, given to one James A. Whitesides, was for the sum of $1,078.77, and was rendered in the Circuit Court of Pope county, on November 7, 1878, in favor of Ambrose Boaz and Thomas Austin as the administrators of said James A. Whitesides, and the said execution came to the hands of the sheriff of Hardin county on January 15, 1879, who levied it on said lands, on January 17, 1879.

Complainants alleged in their said bill that George Lavender was the owner in fee of all the lands described therein; that said judgment was obtained by fraud; admit the sum of $135 was due on said note at the time said judgment was rendered; alleged that said judgment was taken in violation of an agreement made between Lewis Lavender on the one part

and Thomas Clark, the plaintiffs in the suit on note, and the heirs of said James A. Whitesides on the other part, and that complainants did not know of the existence of said judgment until January 20, 1879.

Amendments to this bill were subsequently filed, alleging in substance, that the *whole* of said note had been paid and *more* than the sum due thereon had been paid at the time said judgment was rendered; also alleging an error in the computation of the amount due on said note at the time said judgment was rendered, and the recent discovery of an old book account, showing payments by Lewis Lavender on said note, other than the credits indorsed thereon. Answers to the original and amended bills, denying the allegations thereof, were filed by the defendants thereto and complainants put to the proof of said allegations.

On March 25, 1879, defendants filed their cross-bill in said cause, alleging in substance the recovery of said judgment, the issuing and levy of said execution (on the lands described in the bill and on other lands in Hardin county described in the cross-bill) by the sheriff of Hardin county; that the conveyance of said lands described in the original bill to said George Lavender, and the conveyance of said other lands described in the cross-bill to Adeline Whitesides, by Lewis Lavender and India Lavender, his wife, were voluntary, fraudulent as to creditors of Lewis, and made by him to defeat complainants in cross-bill in the collection of said judgment. Said India Lavender, Adeline Whitesides, George Lavender and Lewis Lavender were made defendants to this cross-bill, and on August 9, 1879, all filed their answer, admitting the recovery of the said judgment, the issuing and levy of said execution as alleged in cross-bill, and making of conveyances to George Lavender and to Adeline Whitesides of said lands by said Lewis and India Lavender, as alleged in cross-bill, but alleging that the judgment was obtained by fraud; denying fraud in making said conveyances; alleging the same were made in good faith and for a valuable consideration. To this answer replication was filed by the complainants in cross-bill. The prayer of cross-bill was that said conveyances be declared

fraudulent, and the lands therein described be subjected to the payment of said judgment. Upon this state of the pleadings and upon hearing evidence, documentary and oral, the court, by its decree below, found the allegations in cross-bill true; that said conveyances to George Lavender and Adeline Whitesides were made by Lewis Lavender to hinder and delay complainants in cross-bill in the collection of their said judgment, and were voluntary and without consideration; and that by making said conveyances Lewis became insolvent; that at the time of the rendition of the said judgment against him he was the owner of all the lands described in cross-bill, and that said judgment was rendered for a sum larger than it should have been, and the court decreed that said judgment be confirmed to the amount of $647.10, and the costs of the suit at law, with interest from date of judgment, and that said lands in the cross-bill described be subjected to the payment of said judgment, as so modified, and costs. To reverse this decree this writ of error was sued out.

After a full and careful examination of the record, we are satisfied that the court below by its decree, granted plaintiffs in error the full measure of relief to which they were entitled under the proof. It appears from the evidence that Lewis Lavender was duly served with process in the suit at law. He knew a declaration had been filed therein, and was told of the rendition of the said judgment against him on the day the same was rendered, and was guilty of such *laches*, that the court below might with good reason have declined to even modify the judgment, but to have held him liable to pay the full amount thereof. Before a bill can be maintained to set aside a judgment rendered in a suit in which there was a good defense at law known to the defendant at the time it was rendered, it must clearly appear that the defendant was prevented from making his defense by fraud, mistake, accident or surprise without *laches*, negligence or default on his part or those representing him. Clark v. Ewing, 93 Ill. 574.

The proof in this case fails to establish any fraud, imposition or deception practiced on Lewis Lavender in obtaining said judgment, and all payments or credits on the note sued

on or on said judgment, proven by any competent evidence on the hearing, were allowed by the court below. The testimony of Lewis Lavender and his wife, of payments to or for said James A. Whitesides, was incompetent; they were parties to the suit, and under the statute were precluded from testifying to payments alleged to have been made to or by the order of said James A. Whitesides in his lifetime as credits upon said note. We are also of opinion that the court below was justified by the evidence in decreeing that the lands conveyed by Lewis Lavender and wife to George Lavender and to Adeline Whitesides should be subjected to the payment of the judgment as modified by the decree. The proof shows that on November 11, 1879, four days after said judgment was rendered against Lewis Lavender, and at a time when suits were pending against him in Hardin County Circuit Court, in which county the lands in controversy were situated, he and his wife executed, acknowledged, and he filed for record, a deed to said George Lavender (an unmarried son and inmate of their family) and a deed to Adeline Whitesides (a sister of said India Lavender, and also an inmate of their family), by which deed all the lands in controversy and all the lands owned by said Lewis (except forty-three acres occupied and claimed by him as a homestead), were attempted to be conveyed. Said deeds were so made, acknowledged and filed for record on one and the same day, in the absence of the grantees, without their knowledge or direction, and without previous negotiation between the parties for the purchase of the lands so conveyed, or attempted to be conveyed. Moreover, the evidence tending to show any consideration for the conveyance of said lands is very meagre and unsatisfactory; the only consideration alleged therefor and attempted to be proved being wages claimed to be due George and Adeline from Lewis Lavender for services rendered during many years (and concerning which no settlement had been ever made or attempted), and the further consideration of some money alleged to have been furnished by said grantees to Lewis. It further appears from the testimony of George Lavender that at the time said deed was delivered to him he had heard of

the execution against Lewis, and Adeline testified she made no charge for her services, but went to live with the family of Lewis Lavender, and remained an inmate thereof for over twenty-five years because she had no other home. It is clearly shown by this record that a judgment debtor without personal property subject to execution, makes, acknowledges, and himself files for record deeds of all his real estate (except his homestead) to relatives and inmates of his family, in their absence, without their knowledge, without previous arrangement having been made between the parties for the purchase of the lands described in the deeds, and no satisfactory evidence shows a consideration for such deeds. The whole transaction bears about it the badge of fraud, and equity will not uphold it. Phelps et al. v. Curtis et al. 80 Ill. 110 ; Jeffers v. Amals, 91 Ill. 487 ; Lawson et al. v. Funk, 108 Ill. 503.

The decree of the court below, upon the proof offered at the hearing, was right, is fully supported by the authorities, and perceiving no error requiring its reversal, is affirmed.

Decree affirmed.