## Merchants National Bank of Muskegon
### v.
## Emma T. Hogle et al.

*Bill to set aside Fraudulent Conveyances—Whether Multifarious—Prayer for Wrong Relief—Demurrer, Improperly Sustained.*

1. A demurrer to a bill will not be sustained for the reason that the wrong relief is prayed.

2. Under a prayer for general relief the court may, at the hearing, grant the relief to which the complainant is entitled, notwithstanding an improper specific prayer for relief.

3. A bill in equity lies to remove fraudulent liens out of the way of an execution. But it *seems* that after such liens are removed, the court will not appoint a receiver nor proceed to sell the property and pay the complainant's claim.

4. In the case presented, it is *held:* That the bill, though containing much more than is necessary, is not multifarious, its one general purpose being to set aside certain conveyances alleged to be fraudulent, which prevent the satisfaction of the complainant's judgment.

[Opinion filed April 11, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Egbert Jamison, Judge, presiding.

The bill of complaint filed by appellant in the court below, after setting forth recovery of judgment for $200 before a Justice of the Peace, and the recording of a transcript in the office of the clerk of the Circuit Court of Cook County, proceeds to aver that complainant, on the 27th day of August, 1886, caused to be issued an execution upon said transcript which came to the hands of the Sheriff of Cook County, directed against the property of Emma T. Hogle, and that said Sheriff levied said writ upon all the goods and chattels, lands and tenements of the defendant in his county, subject to the prior levies thereon. That Emma T. Hogle, under the name of Hogle & Company, has for some time been engaged in business in Cook County, and at Muskegon, Michigan, and

that Thomas C. Hogle, her husband, has actively conducted her said business with power to manage it. That during the course of said business, Emma T. Hogle became the owner of real estate situate in Cook County (describing same); also the owner of a factory, machinery, etc.; also the owner of personal property situate in the factory, in Cook County, and at Muskegon. That during the course of said business various persons became indebted to the defendant, aggregating about $2,000. That during the last two years, in the course of said business, defendant, through her agents, has applied to your orator for loans of money to assist in carrying on said business. That the defendant represented to complainant that his wife was solvent and doing a good business, and the owner of property far exceeding in value the full indebtedness of the defendant. That complainant is a member of the commercial agencies of R. G. Dun & Company, and of the Bradstreet Company, an organization for ascertaining the credit of business firms throughout the United States, and giving information to the members and subscribers thereof. That complainant received reports from these agencies that Emma T. Hogle was solvent, and the owner of property exceeding her indebtedness. That complainant relied upon and believed the reports of said Thomas C. Hogle and of said agencies, and had various business transactions with her, for which said judgment was recovered. That said Thomas C. Hogle knew that complainant relied upon said statements. That on the 16th day of August, 1886, defendant was indebted to complainant in the sum of $200 judgment, and $675 on commercial paper payable to the complainant, not yet due. That previous to the 16th of August, 1886, Emma, together with Thomas C. Hogle and other defendants (naming them), combined for the purpose of defrauding complainant and other creditors of the defendant and of placing the property of Emma T. Hogle and said Hogle & Company in such condition that the complainant and other creditors could not subject the same to the payment of their just claims by process of law.

That Emma T. Hogle and her husband executed a judgment note for $900, and $100 attorney's fees, dated August 13, 1886,

payable on demand to Frank Travers, and indorsed by him to John S. Miller, trustee; that Frank Travers is the son of Emma T. Hogle's stepmother, and that Emma T. Hogle asserts that said judgment note was given for moneys loaned her said stepmother at a period antedating the time of the giving of said judgment note. That Emma and Thomas C. Hogle also executed a judgment note to James E. Bingham for $200, dated August 13, 1886, payable three months after date, with power to confess judgment, and $200 attorney's fees. That defendant gives out that said last note was given to said Bingham for moneys loaned previous to the execution of the note. That the said Emma T. Hogle and Thomas C. Hogle also executed to one John S. Miller a judgment note for $1,005 and $150 attorney's fees, dated August 12, 1886, payable on demand. That said Emma gives out that this note was for moneys loaned to her prior to the execution of said notes. That the Hogles also executed a judgment note for the sum of $350, dated August 12, 1886, payable on demand, with the attorney's fees amounting to the sum of $40, and the judgment note dated August 12, 1886, for $505 dollars, payable sixty days after date, to the order of John S. Miller, including $70 attorney's fees. That they have alleged that the consideration of said note was moneys loaned by said John S. Miller to said Emma T. Hogle before the execution of the notes. That said Emma T. Hogle executed another judgment note for the sum of $1,466.66, dated August 13, 1886, payable sixty days after date to the order of Charles H. Patton, with eight per cent. interest, including $100 attorney's fees, for the alleged consideration of moneys loaned by said Patton to said Emma T. Hogle. That on the 16th of August, 1886, judgments were entered on the various judgment notes against said Emma T. Hogle (describing them).

That the various papers in said suit were filed at the hour of 1:55 in the afternoon of said day, and before the entry of any judgments, and before the docketing of any judgments, executions were issued by the clerk of the Superior Court on said judgments, and delivered to the Sheriff of Cook County.

That said executions were levied upon the property of

Emma T. Hogle, and at the request of John S. Miller, Charles H. Patton, executions in favor of said Patton and Miller were returned "no property found," and thereupon, at the hour of 10 o'clock in the morning of the 17th of August, 1886, a collusive creditor's bill was filed in this court by the said Patton and Miller, upon said last mentioned judgments and returns of said executions, in which bill the said Hogles were made parties defendant.

That they at once appeared in said proceedings and filed their consent for the appointment of Frank Travers as receiver. He was then appointed receiver in said cause, giving bond for the sum of $2,500, with said John S. Miller as surety. That said Frank Travers was formerly a clerk of said Hogle & Company, and is the stepbrother of the said Emma T. Hogle, and is now acting as the receiver of said Emma T. Hogle and Thomas C. Hogle. That previous to the entry of said judgment, said Emma T. Hogle and Thomas C. Hogle executed to one Leman, as trustee, a trust deed of the above described real estate, to secure two notes of said John S. Miller for $266 and $525, respectively, which is alleged to be the same indebtedness secured by the judgment note of said John S. Miller, above described. That on the 13th day of August, 1886, Emma T. and Thomas C. Hogle executed and delivered a chattel mortgage upon the fixtures and property in their factory to said Miller as trustee to secure a note for $2,000, payable to the order of James E. Bingham, which indebtedness is alleged to be the same as that secured by judgment note and judgment in favor of James E. Bingham, heretofore mentioned. That both said trust deed and chattel mortgage were filed for record prior to the issuing and levy of said executions.

That on the 16th of August, 1886, said John S. Miller, attorney for all the complainants in said executions, procured an attachment in favor of John S. Miller, to be levied upon all the property of said Hogle & Company at Muskegon, Michigan, and caused writs of garnishment to be served in Muskegon County upon all persons indebted to said Hogle & Company, which attachments were for the same debts secured by said alleged judgments and said alleged trust deeds.

That all the aforesaid judgment notes, secured by trust deeds and chattel mortgage, were without consideration and void, and that at the time of the giving of the same, and thereafter, said Emma T. Hogle was not indebted to the respective holders of said notes in any sum whatsoever. That by virtue of said proceedings, the property of Mrs. Hogle was so placed that it can not be reached by complainant and the other creditors of said Emma T. Hogle. That the plaintiffs in said executions are proceeding to sell the property by virtue of the alleged executions, and have advertised the sale for the 31st day of August, 1886, and will sell, unless restrained by order of court. That the alleged proceedings in the Superior Court were had in term time, but during the adjournment of the Superior Court and not in open court. That all of said proceedings are simply means whereby property of Emma T. Hogle may be taken out of her name, and the same placed in the hands of various persons whom she could trust for her benefit, and that of her husband. That all of said proceedings are not *bona fide*, nor to secure *bona fide* claims, but on the contrary are had for the false and fraudulent proposition of cheating your orator and the other *bona fide* creditors of Emma T. Hogle.

The bill then makes all of said parties defendant, and submits interrogatories to the various defendants.

The prayer of the bill is that complainant's judgment be paid. That the alleged levies of execution on said property of Emma T. Hogle be declared void and of no effect, and that said property be subjected to the liens of complainant's execution as a prior and valid lien thereon, and that defendants be declared trustees for the benefit of complainant as to any proceeds of sale, and that they be decreed to pay them to the complainant to the extent of the complainant's judgment and costs, and interest. That the chattel mortgage and trust deeds be declared fraudulent and void as against the lien of complainant's execution and levy. Also praying for an injunction and receiver, also for an injunction against the Sheriff, enjoining him from paying over the proceeds of said sale to the plaintiffs in said alleged executions until the further order of court, etc.

A general demurrer was filed for all the defendants, which was sustained by the court and the bill dismissed for want of equity, and the case is brought to this court by appeal.

Messrs. MOSES & NEWMAN, for appellant.

Mr. JOHN S. MILLER, for appellees.

MORAN, P. J.   The bill states the recovery of a judgment in a Justice Court by complainant and the taking of all the necessary steps to make said judgment a lien on the real estate of appellee, Emma T. Hogle, and that after the indebtedness on which the judgment was based, but before the recovery of the judgment, there was a confederacy between said judgment debtor and the other defendants to cover the property of said debtor with apparent liens and incumbrances, so as to hinder and delay appellant and other creditors, and that to that end judgments were confessed on notes that were without consideration, and levies made upon the property of said debtor, and a trust deed given covering certain real estate, to secure notes, also without consideration, and various other transfers and proceedings affecting the title to the debtor's property, which transfers and proceedings are alleged to have been collusive and void as against creditors.   That by these various conveyances and proceedings appellant's execution is impeded, and the satisfaction of its judgment obstructed. Appellant prays, among other things, that the said collusive judgments, executions and levies, and the said trust deed, be declared void as against the lien of appellant's executions, and removed as an obstruction and impediment to appellant's lien, and that the property be sold to satisfy appellant's execution.

The facts alleged in the bill entitle appellant to have all fraudulent liens, whether created by judgments or otherwise, removed out of the way of its execution.   When the facts stated in the bill entitle the complainant to relief, it is error to sustain a general demurrer to the bill.   The bill contained a prayer for general relief, and under such prayer the court could, at the hearing, grant the relief which complainant's

allegations entitle it to have, notwithstanding an improper specific prayer for relief. A demurrer to a bill will not be sustained for the reason that the wrong relief is prayed. Wilkinson v. Beal, 4 Mad. 408; Hopkins v. Snedaker, 71 Ill. 449; Curyea v. Berry, 84 Ill. 600.

The court would not, after removing fraudulent liens out of the way of the execution, proceed to sell the property and pay complainant's claim, it is true, but because complainant so prayed, would not prevent the court from removing the obstruction and then leaving complainant to satisfy his execution out of the property in the ordinary manner. Probably the appointment of a receiver under such a bill would not be obtainable, certainly not ordinarily, but because a receiver is asked for, is no reason for putting complainant out of court. The bill, though containing much more than was necessary, is by no means multifarious.

The complainant asserts but one general right, to wit, to set aside what is alleged to be fraudulent conveyances which prevent the satisfaction of the judgment out of the debtor's property, and a combination and confederacy is alleged against all the parties who are made defendants.

If improper discovery is asked in a bill, there may be a demurrer to the discovery, but here the demurrer was a general demurrer to the bill.

It was error to sustain the demurrer and dismiss the bill, and the decree must therefore be reversed and the case remanded.

*Reversed and remanded.*