Johnson v. Huber.

## JOHN T. JOHNSON ET AL.
### v.
## MARY HUBER.

*Real Property—Bill to Set Aside Deed and Mortgage —Judgment—Non-resident—Security for Costs—Married Woman as Complainant—*Lex Fori *—When Administrator of One Deceased Judgment Debtor Not a Necessary Party to Such Action—Identity of Parties, Proof of—Life Tenant under Will—Homestead—Sufficiency of Evidence to Show Fraud in Conveyance —Practice.*

1. Upon a motion to dismiss a suit on the ground that the complainant is a non-resident it must be shown that he or she was such at the time the suit was instituted.

2. The right of the complainant, a married woman and a resident of Missouri, to maintain an action in this State for the protection of her property interests here, depends upon the statute of this State as to the rights of married women and not upon the statute of Missouri; hence it was not necessary to plead and prove the statute of that State.

3. Where a party recovered a judgment against certain parties, one of whom was life tenant of a certain piece of real estate, and others the owners of the fee, *held,* that, after the death of the life tenant, it was not necessary to make her administrator a party to a bill to subject the interest of the remainder-men to the lien of complainant's judgment.

4. The decree appealed from is sufficiently definite as to amount to be paid by defendants.

5. Where a bill alleged that two of the defendants each owned a one-half interest in the real estate sought to be subjected to lien of complainant's judgment, if the evidence, or admissions of the answer, showed, and the decree found, the ownership of a less interest in fee in these defendants, it does not constitute error.

6. Upon the case presented, the relief granted by the decree came properly within the prayer of the bill for general relief, although the specific prayer of the bill for relief was not followed.

7. Under the will introduced in evidence the wife of the testator became life tenant of the real estate in controversy, and, as she continued to occupy it, had a homestead therein up to the time of her death.

8. The evidence held to have been sufficient to show that the life tenant under the will was identical with one of the defendants in complainant's judgment, although the name was not the same.

9. The evidence was sufficient to justify the finding that the conveyances sought to be set aside, were fraudulent and void as against complainant's judgment.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Madison County; the
Hon. B. R. BURROUGHS, Judge, presiding.

On September 14, 1887, appellee filed her bill in this cause
against John T. Johnson and Fredericka Nolan. On the 18th
day of November, 1887, Thomas Nolan, husband of Fred-
ericka, was made a defendant and was served with process
December 19, 1887. The purpose of the bill as amended was
to set aside a deed made August 16, 1886, by Gesche W.
Elsen, John T. Johnson and Fredericka Nolan, conveying
certain lots in the city of Alton to said Thomas Nolan, and also
to set aside a mortgage of same date given by Nolan and wife
to Johnson, conveying same premises, to secure Nolan's note
of same date to Johnson for $1,000, payable in three years
with six per cent interest, and given for the purchase money
of Johnson's share in said real estate, and to subject the
interest of Fredericka and Johnson in said real estate, to the
payment of a judgment obtained by complainant in the Cir-
cuit Court of Madison County, October 21, 1886, for $682.80
and costs. The cause was heard on bill, answer of all the
defendants, replication and proof.

The court, by its decree entered at the March term, 1889,
finds complainant recovered judgment against Gesche W.
Elsen, John T. Johnson and Fredericka Nolan on the 21st
day of October, 1886, in said Circuit Court, for the sum of
$682.80 and costs, and the indebtedness for which said judg-
ment was recovered was contracted by said Elsen, Johnson
and Fredericka Nolan on September 30, 1883; that execution
on said judgment was issued to and returned by sheriff of
said Madison county unsatisfied and "nulla bona," and said
judgment remains in full force and unsatisfied; that when
said indebtedness was contracted, defendants Johnson and
Fredericka Nolan were the owners in fee of the undivided
half of said real estate, subject to the life estate of Gesche W.
Elsen; that she died July 24, 1887; that Fredericka did not
have a homestead in said real estate; that the deed and mort-
gage mentioned in the amended bill were made with the
intent to hinder and delay and defraud complainant as such

creditor of Johnson and Fredericka; that said Thomas Nolan participated with them in such intent, decrees said deed and mortgage be set aside, vacated and declared null, void and of no effect as against complainant; that she have another execution issued upon said judgment against said Johnson and Fredericka Nolan, and the sheriff of said county thereupon proceed to levy upon, advertise and sell the interest of said Johnson and Fredericka Nolan in said real estate, for the payment and satisfaction of said judgment, interest and costs, and if proceeds of sale be not sufficient to pay same, and costs of this suit, that complainant have further execution against defendants Johnson and Fredericka for deficiency. To reverse this decree defendants took this appeal.

Mr. ALEX. W. HOPE, for appellants.

The court erred in finding that the complainant, Mary Huber, could maintain a creditor's bill against Thomas Nolan, one of the defendants, the complainant being a married woman and residing in the State of Missouri, and not entitled to sue by virtue of the common law, which is presumed to be in force in the State of Missouri, until the contrary is shown. Story, Confl. Laws, Sec. 65, p. 70, Redf. Ed.; Tinkler v. Cox, 68 Ill. 119.

The court erred in admitting in evidence the judgment in Mary Huber v. John T. Johnson, Gesche W. Elsen and Fredericka Nolan, because Gesche W. Elsen, or her administrator, was not made party to the suit.

The judgment debtor is an indispensable party to a creditor's bill. Spear v. Campbell, 4 Scam. 424; Thomas, Trustee, v. Adams, 30 Ill. 37; Alexander v. Hoffman, 70 Ill. 116.

If the judgment debtor is dead, as in the present case, then the administrator is a necessary party. McDowell v. Cochran, 11 Ill. 34.

It is the duty of the complainant to make all persons parties to the suit, who have a substantial or beneficial interest in the subject-matter of the suit, or who will be materially affected by the decree to be rendered, or allege some sufficient excuse, in the bill, for not making them parties. There is no allega-

tion in this bill that the estate of Gesche W. Elsen was insolvent, and this was a necessary allegation. Van Cleef v. Sickles, 5 Paige Ch. 505; Com. Bank Lake Erie v. Meach, 7 Paige Ch. 449; Bonham v. Galloway, 13 Ill. 68.

And the rule of law is, if the complainants have taken a decree without making all persons parties who should be parties, and without whom no proper decree can be rendered, as in the present case, the decree will be reversed on appeal. Conwell v. Watkins, 71 Ill. 488; Hopkins v. Rose Clare Lead Co., 72 Ill. 373.

The court erred in canceling warranty deed from John T. Johnson, Gesche W. Elsen and Fredericka Nolan to Thomas Nolan, because Gesche W. Elsen, one of the grantors, deceased, or her administrator, or her heirs, were not made parties to the suit. Spear v. Campbell, 4 Scam. 424; Craig v. Smith, 94 Ill. 470.

All the grantors or legal representatives or heirs at law should have been made parties to this bill, when it was sought to set aside and annul a deed containing covenants of warranty. The grantor or his representative, were entitled to their day in court to defend the suit, to sustain the warranty deed, to question the validity of the judgment, to show no fraud was committed, to prevent liability against the estate of deceased grantor and judgment debtor, to show, if notice had been given the executor or administrator or heirs of deceased, as required by Sec. 39, Chapter 77, Rev. Stat. Ill., that judgment would have been paid, or show it was paid, or show the estate was solvent and this bill unnecessary.

The decree is also erroneous because it does not find the amount due to the complainant, and to be paid by the defendants; the amount due is uncertain and rests in computation. Frye v. Bank of Ill., 5 Gilm. 332, and authorities cited; Smith v. Trimble, 27 Ill. 152.

Because the decree orders an execution to issue on a judgment, when one of the judgment debtors therein is not party to this suit (and is dead), without any notice to the executor or administrator or heirs at law, as required by Sec. 39, Chap. 77, Rev. Stat. Ill. Clingman v. Hopkins, 78 Ill. 156.

Because the decree finds John T. Johnson and Fredericka Nolan to be " the owners in fee of the undivided one-half " of the real estate described in said amended bill, subject to the life estate of said Gesche W. Elsen, contrary to the allegations of the amended bill—" That Gesche W. Elsen having a life estate in said premises, and said Johnson and Fredericka Nolan being the owners of the fee of said premises," etc.

This decree is contrary to law.   To render a conveyance fraudulent, the grantor and grantee must both participate in the fraud, and the facts and circumstances in evidence must show collusion to defraud the creditors.   There is absolutely no evidence in this record of any collusion between Johnson and Nolan, or facts or circumstances from which a fraudulent intent can arise.   Hatch v. Jordan, 74 Ill. 259, 414; Dickerson v. Evans, 84 Ill. 457; Grant v. Bennett, 96 Ill. 513.

Messrs. R. S. SAWYER and JOHN J. BRENHOLT, for appellee.

GREEN, J.   The first objection made by appellant is, that the court erred in overruling motion to dismiss the suit for want of bond for costs, because Mary Huber was a resident of Missouri.   This motion was made at the March term, 1889, after rendition of decree.

It does not appear by affidavit or otherwise that *at the time* suit was commenced complainant was a non-resident. This fact must be shown before a motion to dismiss could be entertained.   Leadbeater v. Roth, 25 Ill. 587.   Besides this Sec. 3, Chap. 33, does not provide for the unconditional dismissal of the suit for this cause, upon motion, but contemplates that opportunity should be given complainant to file such bond within a time to be fixed by the court; the section provides if the action shall be commenced without security the court, on motion, shall dismiss the same " *unless* the security for costs shall be filed within such time as shall be allowed by the court, and when so filed it shall relate back to the commencement of the suit."   The court did not err in overruling the motion.   Lee v. Waller, 13 Ill. App. 403.

It is next urged that complainant, being a married woman

and non-resident, is not entitled to maintain a bill of this character against Thomas Nolan. It may be true that when a foreign law is relied upon for the recovery of a right, or as a defense, the law must be pleaded and proved as any other fact, but the *lex fori* is the law of the remedy, and her right to maintain a suit for the protection of her interests is given by our statute and does not depend upon the statute of Missouri. Sec. 1, Chap. 68, Rev. Stat. Ill.

Appellant objects also to the ruling of the court in admitting in evidence the judgment of October 21, 1886, because Gesche W. Elsen, or her administrator, was not made a party to the amended bill, and because there was not sufficient proof of the identity of the parties to the judgment with the parties to this suit, or that the judgment was a judgment of the Circuit Court, or that it came from the proper custody.

As to the first objection it is sufficient to say it was not necessary to make Gesche W. Elsen, or her administrator, or her heirs, parties. Her interest in the real estate was for life only, and expired at her death; this proceeding involved no assets of her estate, had she left any, and it is not shown she left any. Judgment is joint and several; it may be made out of the lands and tenements of one of the defendants joined with the others in the same execution, and issued on a judgment against all; execution upon the real estate of a surviving defendant without reviving judgment against deceased, defendant's heirs and executors, is valid. Reed v. Garfield, 15 Ill. App. 290. In Craig v. Smith, 94 Ill. 370, the heirs of Craig were not made parties; he in his lifetime conveyed the premises in controversy with covenants of warranty, and it was held they had no interest in the lands requiring them to be made parties, and it is said in the opinion whether any liability would ever devolve on them, depends on a fact not disclosed, viz.: whether assets had or would come to them from the estate of their ancestor, the extent of liability would depend upon the value of such assets. It does not appear the heirs have any interest directly or remotely in this land. As to the second objection made to the admissibility of said judgment in evidence, it seems to us that without this evidence the

answer is sufficient.    It admits the rendition of the judgment in favor of complainant against defendants Johnson and Fredericka Nolan, at the term of court and for the amount as alleged in the bill, and *does not deny* that the judgment was also recovered against Gesche W. Elsen as alleged.

The next error assigned is, decreeing said deed and mortgage to be null and void as against complainant, without Gesche W. Elsen, or her administrator or heirs, being parties to the suit.    We have already expressed our views upon this contention, in commenting upon the objection to the admissibility of the judgment in evidence, and will only add that Sec. 39, Chap. 77, Rev. Stat., cited by appellant, has no application here; the decree does not order the execution against estate of deceased, or subject to the judgment, real estate in which she died seized of any interest.

It is further insisted, the decree is erroneous because it does not find the amount due complainant and to be paid by the defendants.    The decree finds the whole amount of judgment $682.80 and costs, due October 21, 1886, and for this amount, with interest and costs, the interest of defendants in the said real estate is held liable.    We perceive no necessity for a more definite finding.    The amended bill alleged that at the time of contracting said indebtedness Gesche W. Elsen had a life estate in said premises, and Johnson and Fredericka Nolan were the owners of the fee; the answer does not deny that Gesche W. Elsen owned a life estate, but denies the said defendants were owners in fee simple of said real estate, and avers each was the owner of one-fourth interest therein.    The decree found defendants Johnson and Fredericka Nolan were the *owners in fee of the undivided half* of said real estate when the indebtedness was contracted, subject to the life estate of said Gesche W. Elsen.    The decree is said to be erroneous for the reasons:    1st. There is no evidence that said named defendants were owners in fee.    Aside from other evidence, which we think amply sufficient to establish the fact, the answer itself admits enough.    It is therein alleged that on August 16, 1886, Fredericka was the *owner of one-fourth*, and the interest of Johnson on same date was *one-*

*fourth* and *the other undivided half* of said premises belong to the two minor children. 2d. The evidence did not correspond with the allegations.

In Breckenridge v. Ostrom, 79 Ill. 71, the bill alleged the complainant was the owner of one undivided half of the real estate described. The decree found a less interest in complainant; held, not a material variance.

It is also urged that the decree does not follow the prayer of the bill and is therefore erroneous. We think under the prayer for general relief the decree of the court was proper. The scope and purpose of the bill was to subject the interest of defendants Johnson and Fredericka Nolan in said real estate, to the payment of complainant's judgment. To do this a conveyance of said real estate to Thomas Nolan, and a mortgage by him upon the same, apparently *bona fide*, but alleged to be fraudulent as against complainant's judgment, must be set aside and held for naught as against her. If the evidence substantially established the material allegations of the amended bill, the decree was proper under the prayer for general relief, notwithstanding specific relief was prayed for, broader than that which the decree granted.

The specific relief asked, was that said conveyances be decreed to have been made in fraud of complainant's rights as creditor of Johnson and Fredericka; that the same be declared null and void; that said judgment, interest and costs be decreed to be paid by said Johnson and· Fredericka, by some short day, and in default of such payment, that the master in chancery be directed to sell all or part of said real estate and pay to complainant the amount of said judgment, interest and costs. It will be observed that the relief granted was different from this specific relief asked, in this, that said deed and mortgage are, by the decree, set aside and vacated and declared null and void *as against the complainant;* that an execution upon the judgment is authorized to be issued against Johnson and Fredericka, and the sheriff, instead of the master in chancery, is to levy upon, advertise and sell *the interest* of those defendants in said property, for the payment and satisfaction of said judgment interests and costs. If the bill was

maintained by the proof, the relief decreed was such as in equity and good conscience the complainant was entitled to, and such as under the prayer for general relief the court properly decreed. Hopkins v. Snedaker, 71 Ill. 449; Merchants Nat. Bank v. Hogle, 25 Ill. App. 543.

It is next contended the court erred in finding that Fredericka Nolan did not have a homestead in said real estate.

The second clause of the will of John Frerichs, read in evidence on behalf of complainant without objection, is as follows: "After the payment of such funeral expenses and debts, I give, devise and bequeath unto my beloved wife, Gesche Wilhelmina Frerichs, all my real and personal property by me now owned and kept, knowing that she will keep and maintain my children, John Johnson (of whom I am step-father), Frederick, William and Helena Frerichs, my own children;" and the third clause of said will is: "After my said wife's death, all the property aforesaid to her given, or so much thereof as may remain unexpended, to the named children, John Johnson, Frederick, William and Helena Frerichs, to be divided equally, share and share alike." The last clause appoints the wife, Gesche Wilhelmina Frerichs, executrix without bond. This will bears date March 5, 1873, was probated March 22, 1873, and Gesche W. Frerichs took the oath as executrix on the same day.

By the terms and provisions of this will Gesche W. Frerichs took a life estate in all the real estate of which her husband died seized, with remainder over to the children named in the will. Bergan et al. v. Cahill, 55 Ill. 160; Bland v. Bland, 103 Ill. 12.

But it is said there is no evidence to show that Gesche W. Frerichs and Gesche W. Elsen are one and the same person.

It is alleged in the amended bill, and not denied in the answer, that Gesche W. Elsen had a life estate in said premises on September 30, 1883, and it is admitted that at the date of deed to Nolan, Johnson and Fredericka, each owned an undivided fourth of said premises. It is alleged in amended bill, and not denied by the answer, that said Gesche W. Elsen at the time of her death (July 24, 1887) had but a life estate

in said premises. Johnson testified four persons owned the property in 1886, viz.: John Johnson, Fredericka Nolan, Willie Frerichs and Lena Frerichs, and that Fredericka *was his half-sister*.

Thomas Nolan corroborates this testimony as to the names of the owners, and the share belonging to each; he also testified his *mother-in-law* died July 24, 1887; that he bought the property from Johnson and his *mother-in-law, Mrs. Elsen*, and at the time he married his wife, *Mrs. Elsen* was living in the house and continued to do so up to the time of her death. William Frerichs testified Fredericka Nolan was *his sister*, and that he owned one-fourth interest in the property.

It thus appears by the allegations not denied, and by the admissions in the answer, that Gesche W. Elsen had a life estate in said premises as early as 1883, and at the time of her death. The evidence also abundantly establishes the fact she was the same person named in the will as Gesche Wilhelmina Frerichs, and that Fredericka Nolan was the child of the testator named therein as Frederick. The court was warranted in finding that Gesche W. Elsen took a life estate in said premises by the devise in said will, and as such tenant for life, resided on the premises before and up to the time complainant recovered her said judgment, and continued to so reside thereon up to the day of her death, and during all that time had the homestead estate therein. The owner of a life estate in land, if in possession, has as complete dominion over it as the absolute owner of the fee has over his estate in possession. Deere v. Chapman, 25 Ill. 610. The life estate and possession of said premises being in Mrs. Elsen, she had the homestead estate therein during such possession and up to the time of her death. Potts v. Davenport, 79 Ill. 456.

Before her death the lien of the judgment upon the property had accrued, and the title in fee of the surviving judgment debtors, and their interest in said property, was subject to that lien, unless the deed to Thomas Nolan conveying that interest, *before the judgment was rendered*, was a *bona fide* valid conveyance. Rock v. Haas, 110 Ill. 533. Appellant insists that the evidence fails to show the conveyances were

Johnson v. Huber.

made or accepted with a fraudulent intent to hinder or delay complainant in the collection of her judgment; or if it is shown the grantors did convey with such intent and purpose, Nolan did not participate in the fraud and was an innocent purchaser for value. We think the testimony of complainant, who was a competent witness, in our judgment, and Frederick Ruderhausen, as to the declarations and threats of these judgment debtors, together with the admitted fact that by this deed they conveyed all the property they then owned, reserving nothing for their creditors, and that so far as Gesche W. Elsen and Fredericka Nolan were concerned, they were not paid a cent for their interest, and the further fact that Johnson was paid no money but took a note payable in three years secured only by the interest he had conveyed, and that Thomas Nolan, the grantee of his wife, his mother-in-law and brother-in-law, had lived in the same house with his wife and her mother during a long time prior to said conveyance, and could hardly be ignorant of business matters in which both were interested, and took a deed under all these circumstances, outweigh the testimony on the part of defendants denying the fraudulent intent charged, and warranted the court in finding and decreeing as it did. Treadwell v. McEwen, 123 Ill. 253; Bell v. Devore, 96 Ill. 217; Jaffers v. Aneals, 91 Ill. 487; Phelps v. Curts et al., 80 Ill. 109; Emerson v. Bemis, 69 Ill. 537.

The objections to the decree of the Circuit Court already discussed in this opinion are all we deem it necessary to notice, and no sufficient reason is perceived for reversing said decree. It is therefore affirmed.

*Decree affirmed.*