## Henry M. H. Bolander et al., Appellants, v. Robert A. Childs et al., Appellees.

## Gen. No. 15,483.

INJUNCTIONS—*when assessment of damages upon dissolution premature.* Where the only prayer of the bill is for an injunction an assessment of damages on the dissolution of a temporary injunction is premature if the complainant's right to a permanent injunction remains undisposed of.

Bill for injunction. Appeal from the Superior Court of Cook county; the HON. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed. Original opinion filed May 5, 1911. Opinion on rehearing filed October 3, 1911.

PECKHAM, PACKARD, AP MADOC & WALSH, SHERMAN
M. BOOTH and RAGNAR OBERG, for appellants.

ROGER SHERMAN and PERCY B. ECKHART, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal prosecuted from a decree of the
Superior Court awarding damages against appellants
upon the dissolution of a temporary injunction.

The bill of complaint was filed by Henry M. H. Bolander and Ida C. Bolander, his wife, appellants, September 28, 1908, against Robert A. Childs and others, appellees. Complainants allege that they are the owners
of about 1,259,001 shares (of a total capitalization of
2,500,000 shares) of the Scandia Mining Syndicate, a
South Dakota corporation, which owns valuable placer
gold mines near Nome, Alaska, from several of which
alone, more than $2,500,000 in gold has been extracted.

The bill names all the officers and seven of the nine
directors of the corporation, and also Robert A. Childs,
attorney for said corporation, as defendants. Inasmuch as the equities of the case are not before us on
this appeal, it is not necessary for us to state the averments of the bill.

The bill prays for an injunction, restraining the defendants from passing any resolution for the payment
to R. A. Childs of any additional fees; or for the abandonment of any claims; or for the leasing of any property; or for the granting authority to the agent at
Nome to lease any property, etc.; and from obtaining
possession of funds in the Nome banks.

The bill also prays for general relief, and is sworn
to by both complainants.

On the filing of the bill the court granted a temporary
injunction as prayed in the bill, on the complainants
filing an injunction bond.

A motion was made to dissolve the injunction, and at the same time answers were filed by the defendants. The motion, however, appears to have been based on the bill and affidavits alone.    The answers were not used on the motion.    The record shows that no final order or decree was entered disposing of the case.   No other order was entered, except an order giving leave to the defendants to file suggestions of damages and the decree appealed from fixing the damages.

Many errors are assigned, but the ground for reversal mainly relied upon in argument is that where the only prayer of the bill is for an injunction, an assessment of damages on the dissolution of a temporary injunction is premature if the complainants' right to a permanent injunction remains undisposed of.

In Terry v. Hamilton Primary School, 72 Ill. 476, a temporary injunction was granted on a bill filed for injunction, and upon the coming in of the answer the temporary injunction was dissolved, but no decree was rendered disposing of the case upon its merits.    The court, however, assessed damages on the dissolution of the injunction.    In reversing the decree assessing the damages the court said, at page 479:

"Again, it was improper to assess damages until there was a final hearing, and it was determined whether the relief sought should be granted.    The only prayer of the bill was for an injunction, and although, by affidavits and other proofs, it might appear to be eminently proper to dissolve the injunction temporarily granted, still, on a final hearing evidence might have been adduced requiring that there should be a perpetual injunction.    We find no decree in the record dismissing or otherwise disposing of the bill; nor do we find that the case was ready for a hearing on the merits. We cannot act on a mere recital in the certificate of evidence, that the bill was dismissed.    That is not a decree, nor can it be treated as such.    It has none of the elements of a decree, and cannot be so regarded.

Hence we refrain from discussing the merits of the case.''

And in the recent case of Dempster v. Lansingh, 234 Ill. 381, the court recognizes the distinction pointed out in the Terry case as follows:

''It is contended by the appellant that it was improper for the court to hear suggestions of damages until the cause was before the court on final hearing, and until it was determined whether relief sought should be granted. In support of this position, Terry v. Hamilton Primary School, 72 Ill. 476, is cited and relied on. That case is not like the one at bar. There the sole object of the proceeding was to obtain a perpetual injunction, and a temporary injunction was granted to protect the interests of the parties until the cause could be heard on the bill and answer. Here the bill was for a different purpose, and the temporary injunction was merely ancillary to the main cause. In such case the statute is plain that the court may hear suggestions of damages, and allow the same before final hearing.''

Keith v. Henkleman, 173 Ill. 137; Wing v. Dodge, 80 id. 564; Darst v. Gale, 83 id. 136, are cited and relied upon by appellees as authorities sustaining the action of the trial court. Keith v. Henkleman involved the reformation of an injunction bond. Wing v. Dodge involved the setting aside and cancellation of a judicial sale, as well as an injunction against the collection of notes. In that case, furthermore, cross-errors were assigned upon the action of the court in refusing to permit appellees therein to file suggestions of damages on dissolving the injunction and dismissing the bill; and the court held it was error. These cases differ from the case at bar. Darst v. Gale involved, besides an injunction from selling real estate, a declaration or decree that the trust deed was void and that it be set aside as a cloud upon the title. There was a final decree. The language used by the court in construing

the statute was so broad that Mr. Justice Breese was compelled to dissent on that question. In the case of Dempster v. Lansingh, *supra,* is a later expression of the court on the question before us, and it expressly recognizes the distinction made in the Terry case and the reason of it.

It is urged in a petiton for rehearing that under the statute (Hurd's R. S., sec. 12, chap. 69) damages must be assessed before final disposition of the case. We agree with this contention. It is further claimed, however, that upon the dissolution of an injunction the defendants had the absolute right in this case to have their damages assessed at once. This we cannot accede to under Terry v. Hamilton Primary School, *supra.*

It is further contended that the bill in this case is not for an injunction alone, because the bill prays for general relief in addition to the injunction prayed for, and that under the prayer for general relief a decree might be entered denying the special relief and yet awarding such general relief as the allegations of the bill and the proofs warrant. This contention is, we think, too broad under the authorities. Speaking of the prayer of the bill, Daniell's Chancery Pleadings and Practice, vol. 1, pg. 379, (5th ed.), says:

"This part of the bill, therefore, should contain an accurate specification of the matters to be decreed; and in complicated cases, the framing of it requires great care and attention; for although where the prayer does not extend to embrace all the relief to which the plaintiff may at the hearing show a right, the deficient relief may be supplied under the general prayer, yet such relief must be consistent with that specifically prayed, as well as with the case made by the bill; for the court will not suffer a defendant to be taken by surprise, and permit a plaintiff to neglect and pass over the prayer he has made, and take another decree, even though it be according to the case made by his bill."

(Hiern v. Mill, 13 Ves., 119; Cook v. Martyn, 2 Atk., 2, 3; Grimes v. French, ib., 141; Partridge v. Haycroft, 11 Ves., 570, 574.)

The rule is accurately stated in Hopkins vs. Snedaker, 71 Ill. 449, in the following terms:

"Where a bill contains a prayer for general relief, and also a prayer for specific relief, the complainant may have other specific relief, provided it be consistent with the case made by the bill and with proofs.   Wilkin v. Wilkin, 1 Johns. Ch., 111; Bailey v. Burton, 8 Wend., 339."

Upon the authorities we cannot reach the conclusion that the prayer for general relief changes the character of the bill from a bill for injunction to one for general relief, if it can be said that there is such a bill known to our practice.    It is the special relief prayed for and the averments supporting that relief which gives character to the bill, not the prayer for general relief.    The latter prayer does not neutralize the specific prayer. It strengthens and makes more elastic the specific prayer, but does not detract from its force or change its essential character.

It is further contended that so far as the injunction feature is concerned the suit is finally disposed of.   We cannot agree with this contention.    It may well be that upon a final hearing on the merits upon the issues presented, the trial court may issue properly a permanent injunction substantially as prayed in the bill.

In our opinion the assessment of damages in this case was premature, and for that error the decree is reversed.

*Reversed.*